UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, at the relation and to the use of the CITY OF WELLSTON, MISSOURI, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV1770 CDP |
| SBC COMMUNICATIONS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This case was recently reassigned to me and is before me on my review of the file and the joint motion to stay discovery. In this purported class action, plaintiff municipalities allege that defendants have underpaid municipal gross receipts taxes. Plaintiffs seek declaratory and injunctive relief, as well as an accounting and damages. Plaintiffs also seek a declaration that Missouri House Bill 209 is unconstitutional. Missouri House Bill 209 requires plaintiffs to dismiss their claims for back taxes. The constitutionality of Missouri House Bill 209 is currently pending before the Missouri Supreme Court. For this reason, the parties agree that I should stay any consideration of the constitutionality of Missouri House Bill 209 pending the Missouri Supreme Court's ruling on this issue.

Plaintiffs, however, contend that I may proceed on their claims for unpaid taxes, and cite an Order issued by the Honorable Nanette K. Laughrey in a similar case in the Western District of Missouri, <u>City of Jefferson, et al. v. Cingular Wireless, L.L.C., et al.</u>, Cause Number 04-4099-CV-C-NKL. That Order, however, does not support plaintiffs' position that I should proceed to rule on their claims for unpaid taxes in this case while staying a consideration of the constitutionality of Missouri House Bill 209. Judge Laughrey's grant of summary judgment in favor of plaintiffs on their unpaid taxes claims was entered before Missouri House Bill 209 was ever passed. Indeed, plaintiffs contend that House Bill 209 was actually passed *in response to* Judge Laughrey's ruling. Therefore, the fact that Judge Laughrey initially ruled on the unpaid taxes claims in her case does not mean that I should proceed to decide plaintiffs' claims for unpaid taxes in this case while staying a consideration of the constitutionality of Missouri House Bill 209.

If Missouri House Bill 209 is found constitutional, it will require plaintiffs to dismiss their claims for unpaid taxes against defendants. Therefore, I will stay resolution of the entire case — not just the issues relating to the constitutionality of House Bill 209 — pending the Missouri Supreme Court's decision on this issue. The parties shall inform me by joint memorandum when the Missouri Supreme Court has issued its opinion on the constitutionality of House Bill 209 within twenty (20) days

of the date of the decision. The joint memorandum shall include a proposal on how to proceed with the resolution of this case. Because I am staying the entire case, the joint motion to stay discovery will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED <u>that this case is stayed pending further Order of this Court.</u>**

**IT IS FURTHER ORDERED** that the parties shall submit a joint memorandum informing me when the Missouri Supreme Court has issued its opinion on the constitutionality of House Bill 209 within twenty (20) days of the date of the decision. The joint memorandum shall include a proposal on how to proceed with the resolution of this case.

**IT IS FURTHER ORDERED** that the joint motion to stay discovery [#22] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2005.